Carman F. Ball, J.
The defendant brings this motion pursuant to iCPL 210.40 to dismiss the indictment in the interests of justice or in the alternative, for a hearing pursuant to said section at which evidence may he taken in support of the motion.
The (Special Grand Jury of the 'County of Wyoming returned Indictment No. 29 charging the defendant with assault in the second degree (two counts), possession of weapons and dangerous instruments and appliances (one count), and promoting prison Contraband in the first degree .(one count). The victim of the assault charged was one Royal Morgan, a correction officer.
The court has examined in camera the Grand Jury minutes with the consent of the defendant and the Attorney-General. On the morning of September 9, 1971, Correction Officer Royal *821 Morgan was on duty at the Attica Correctional Facility, walking through ‘ ‘ B ” ¡block 'tunnel to an area known as Times Square where he was .assaulted by the defendant with a 2 by 4, and was later assaulted iby other inmates. Officer Morgan was permitted to leave the ¡Correctional Facility, and was taken to the hospital for outpatient care. As a result of the assault by the defendant, Officer Morgan received a laceration of the head. Twelve sutures were required to close this wound to his head, and, except for the scarring, there were no other permanent injuries sustained as the result of the defendant’s assault.
On September 1-3, 1971, while the Attica Correctional Facility was being retaken, the defendant sustained gunshot wounds to the head, arms and buttocks, with rectal involvement. He was paralyzed. He was taken to the Wyoming County Community Hospital where a series of operations saved his life. A craniotomy, an occipital craniectomy and a colostomy were performed. Later on August 21, 1972, they inserted wire mesh in the skull after breaking adhesions which were removed from the edge of the dura. He was unable to walk for a period of two months and is left with a permanent limp. He has a metal mesh in the left side of his head Covering the area of the skull that was opened to remove metal and bone fragments. He is required to take drugs to control the potential for epileptic seizures. He was released from prison in December of 1972, and has lived with his family in Queens, New York, successfully completing his parole. He is working as a maintenance man for the New York City Department of Parks.
The court recognizes the importance of protecting correction officers who are always greatly outmanned by the inmates in our prison system, and that assaults on guards should not be taken lightly, nor should the honest labors of a grand jury and the Attorney-General be set aside lightly.
To dismiss an indictment in 'the furtherance of justice, even though there may be no basis for a dismissal as a matter of law, and there is none here, the court must find the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution 'of the defendant upon such indictment would constitute or result in injustice. As serious as the crime was that this defendant committed, he has been punished by the events which followed to a far greater degree than any court would sentence him upon conviction.
*822 Because of the suffering which this defendant has gone through, the permanent limp which he will ¡have, the probable need to take drugs to control the potential for epileptic seizures, and his conduct since his release, this court is compelled to conclude that it would be a violation of this court’s sense of fair play and justice if it did not exercise its power, no matter how reluctantly, to dismiss the indictment in the interests of justice.
Motion granted.